UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH KOCH,<br><br>        Plaintiff,<br><br>        v.<br><br>INFOSYS, LTD., a foreign corporation, and AETNA LIFE INSURANCE COMPANY, a foreign corporation,<br><br>        Defendant. | NO. C14-1649RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on cross-motions for summary judgment. Dkt. ## 21, 25. Having reviewed the memoranda, declarations, exhibits, and the remainder of the record, the Court finds as follows.

## BACKGROUND

Plaintiff Kenneth Koch began working for Infosys, Ltd.[1] ("Infosys") on March 5, 2012. As part of his employment, Koch was covered under the Infosys Technologies Limited Group Policy GP-8834 ("Plan"). The Plan provided both long-term disability benefits ("LTD benefits") and temporary disability income benefits ("TDI benefits"). Defendant Aetna Life Insurance Company ("Aetna") issued the Plan to Infosys. In January 2013, Koch became disabled and stopped working for Infosys. Based on this disability, Koch applied for and ultimately received both TDI benefits paid by Aetna and social security disability benefits.

---

[1] Pursuant to a joint motion, the Court previously dismissed defendant Infosys. Dkt. # 20.

ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 1

Aetna denied Koch's claim for LTD benefits on the basis that he had not met the eligibility requirements. Koch brought this action to recover LTD benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). Aetna and Koch both moved for summary judgment.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate if, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party, the moving party shows that "there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Torres v. City of Madera, 648 F.3d 1119, 1123 (9th Cir. 2011). The moving party "bears the initial responsibility of informing the district court of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party will bear the burden of proof at trial, the moving party may meet its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Once the moving party has satisfied its burden, the nonmoving party must then set out "specific facts showing that there is a genuine issue for trial" in order to defeat the motion. Id. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position" is not sufficient; this party must present probative evidence in support of its claim or defense. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party. In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008). On cross motions for summary judgment, the Court evaluates the motions separately, "giving the nonmoving party in each instance the benefit of all reasonable inferences." Lenz v. Universal Music Corp., No. 13-16106, 2015 WL 5315388, at *2 (9th Cir. Sept. 14, 2015) (internal quotation marks and citation omitted).

## B. Entitlement to Long Term Disability Benefits[2]

Section 502 of ERISA allows a plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan." 29 U.S.C. § 1132(a)(1)(B). The parties agree that Aetna's denial of disability benefits under an ERISA plan is subject to de novo review. Dkt. ## 21 (Aetna's Motion for Summary Judgment) at 16 n.11; 25 (Plaintiff's Motion for Summary Judgment) at 15-18. When the Court reviews an ERISA benefits decision under a de novo standard, it is the claimant's burden to prove entitlement to benefits. Muniz v. Amec Const. Mgmt., Inc., 623 F.3d 1290, 1294 (9th Cir. 2010).

The Plan established two classes of employees for the purpose of determining eligibility for LTD benefits. Dkt. # 18-3 (Summary of Coverage) at 19. Class I employees become eligible for LTD benefits on the date they "complete a probationary period of one year of continuous service" for the employer, while Class II employees are eligible for LTD coverage without any probationary period. Id. Therefore, to prove that he is entitled to benefits, Koch must prove either that he was a Class II employee or that he was a Class I employee who had completed the requisite probationary period. The Court will first address whether Koch has offered evidence that he is a Class II employee not subject to a probationary period.

The sole argument that Koch offers to prove that he was immediately eligible for LTD benefits as a Class II employee is that "the Infosys personnel and payroll records indicate that, for the purposes of monitoring of dates, Koch was a "No Probation" employee. Dkt. # 25 (Plaintiff's Motion for Summary Judgment) at 15. But the only evidence that Koch submitted in support of this contention is the declaration of his attorney, Patrick LePley, which states that the

---

[2] Aetna moved to supplement the administrative record with the declaration of Peggy Tayloe, Dkt. # 24, which it contends is necessary for the Court to conduct an adequate de novo review of Aetna's benefits decision. See Dkt. # 21 (Aetna's Motion for Summary Judgment) at 16-18. The Court did not find the declaration necessary to its determination on the parties' cross-motions for summary judgment, and therefore has not considered it.

ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 3

"personnel records from Infosys . . . show that Koch was hired as a non-probationary, at-will employee . . . ." and an Infosys personnel document that states "No probation" under the heading "Monitoring of Dates."  Dkt. # 26 (Declaration of Patrick H. LePley) ¶ 5; Dkt. # 18-1 (Infosys Personnel Records for Koch) at 64.  Koch offers no evidence to tie this entirely ambiguous notation to his status as a Class I or Class II employee for the purposes of LTD benefits.  In fact, the only evidence regarding Koch's Class status indicates that he was categorized as Class I.  Dkt. # 22-1 (Excerpts of Administrative Record) at 32.  Because Koch has offered not more than a scintilla of evidence that he may have been a Class II employee immediately eligible for LTD benefits, the Court will turn to the question of whether Koch completed the Class I "probationary period of one year of continuous service" for Infosys.

It is undisputed that Koch began working for Infosys on March 5, 2012.  Dkt. # 1 (Complaint) ¶ 16; Dkt. # 21 (Aetna's Motion for Summary Judgment) at 6.  It is also undisputed that Koch received payment in the amount of his full salary until April 2013, some payment from Infosys until June 2013, and that he separated from Infosys in June 2013.  Dkt. # 18-1 (Kenneth Koch's Personnel Records) at 68-70; Dkt. # 18-2 (Kenneth Koch's Pay Records) at 2-14; Dkt. # 22-1 (Administrative Record) at 46-49.  There is no evidence that Koch performed any work for Infosys after January 2013.  Koch's own statements, and other evidence in the record, lead to the opposite conclusion: that Koch did not perform any work for Infosys after January 11, 2013.  See, e.g., Dkt. # 22-1 (Administrative Record) at 10, 22, 25; accord Dkt. # 1 (Complaint) ¶¶ 8, 21.

The Court must determine whether these facts establish that Koch has met the requirement that he "complete a probationary period of one year of continuous service" for Infosys.  Koch seems to concede that merely being paid by Infosys is insufficient to meet the "continuous service" requirement.  Instead, he asks the Court to infer that he provided service to Infosys since Infosys continued to pay him beyond the date of his disability.  See, e.g., Dkt. # 25 (Plaintiff's Motion for Summary Judgment) at 14 ("[C]ommon sense would indicate that if an

employer is paying you, you are of continuous service to the employer."); id. at 15 ("Arguably, he provided continuous service for his employer for more than a year."); Dkt. # 30 (Plaintiff's Opposition to Defendant's Motion for Summary Judgment) at 4 ("The reasonable inference is that Koch was valued by Infosys."). The Court is not willing to make such an inference. "Service," as it is commonly understood and defined, requires work or labor. See Dkt. # 29-1 (dictionary excerpts) at 3, 6. Because Koch has not produced evidence that he performed any work for Infosys after January 2013, he cannot show that he provided continuous service for one year as was required to receive LTD benefits.

Moreover, the LTD plan contains an Active Work Rule: "If you happen to be ill or injured and away from work on the date your coverage would take effect, the coverage will not take effect until the date you return to work full-time." Dkt. # 18-3 (Summary of Coverage) at 19. Even if the Court were to accept that simply being paid by Infosys is sufficient to meet the requirement of one year of continuous service for LTD benefits eligibility, there is no evidence that Koch returned to work on or after March 5, 2013, the date his one year probationary period would have ended. Therefore, under the Active Work Rule, Koch's LTD benefits coverage would not have taken effect.

Because Koch has not provided more than a scintilla of evidence that he may be entitled to LTD benefits, the Court grants Aetna's motion for summary judgment on this claim.

### C. Claim for ERISA Penalties

Koch alleges that he is entitled to ERISA penalties because Aetna failed to respond to requests for information. Dkt. # 1 (Complaint) ¶¶ 12, 22. ERISA penalties may only be assessed against the plan administrator, as designated in the plan documents. See 29 U.S.C. §§ 1002(16)(A), 1132(c)(1). In this case, the plan documents specify that the plan administrator is Infosys. Dkt. # 18-3 (plan documents) at 24. The penalties may not be assessed against Aetna as a third-party claims administrator. See Sgro v. Danone Waters of N. Am., Inc., 532 F.3d 940, 944-45 (9th Cir. 2008); Moran v. Aetna Life Ins. Co., 872 F.2d 296, 301 (9th Cir. 1989).

Aetna's motion for summary judgment on plaintiff's claim for ERISA penalties is granted.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Aetna's motion for summary judgment (Dkt. # 21) and DENIES plaintiff's motion for summary judgment (Dkt. # 25). The Clerk of Court is directed to enter judgment against plaintiff and in favor of defendants.

DATED this 9th day of December, 2015.

*[signature]*
Robert S. Lasnik
United States District

ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT - 6